MARY C. THORHILL, PROSECUTOR, v. ROBERT E. STEPH-ANY, RECORDER, AND EMERY D. IRELAN, CLERK OF ATLANTIC CITY.

Argued November 8, 1900—Decided March 4, 1901.

1. Where it does not appear that an ordinance is introduced at a previous regular meeting of a common council acting under "An act concerning cities" (*Pamph. L.* 1886, *p.* 361), was altered substantially at a special meeting called to pass it, the ordinance is valid.
2. Where an ordinance provides that a non-resident defendant shall be brought into court by a warrant, and a resident defendant by a summons, a resident defendant brought in by a warrant going to trial without making objection to the process waives the irregularity.
3. The evidence in the case before the recorder held to justify the conviction.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *George A. Bourgeois.*

The opinion of the court was delivered by

GARRETSON, J.    This *certiorari* removes the conviction of the prosecutor for selling liquor without license.

The first reason assigned for reversal is that the ordinance under which the conviction was had, passed August 1st, 1892, was not introduced at a previous stated meeting of the common council.

The statutory provision contained in "An act concerning cities" (*Pamph. L.* 1886, *p.* 361), and which has been accepted by Atlantic City as to the passage of ordinances, is that no ordinance shall be passed by the common council unless the same shall have been introduced before the common council at a previous stated meeting.   The ordinance attacked was introduced at the stated meeting of July 25th, 1892, and passed by the common council at a meeting held for that purpose on August 1st, 1892; this is in compliance with the statute.   It appears from the minutes of the council of August 1st, 1892, that the city solicitor addressed council, explaining changes made in the ordinance and their necessity, and it also appears from the evidence of the city clerk that in the original ordinance, the body of which was printed, there were some words stricken out, there were some interlineations in writing and a part of one section is typewritten, but there was no evidence whatever to show that these changes were made at the meeting at which the ordinance was passed, or that they did not exist when the ordinance was introduced.   There is no evidence to show that the ordinance, as passed, was not substantially the same as the ordinance introduced.

It is also objected that the ordinance provides that the defendant, if a resident, shall be brought into court by a summons, and if a non-resident, by a warrant; that the prosecutor was a resident, and was brought in by a warrant. The proceedings show that the prosecutor appeared, submitted herself to the jurisdiction of the court and went to trial without making any objection as to the process by which she was brought before the court; this cures any defect in the method by which her appearance was secured.

The conviction sets out the testimony in full. A bottle of beer was in evidence before the recorder, and he had the opportunity to judge from the evidence as to the quality and quantity of the liquor sold, and there is nothing to show this court that in determining the case on the evidence he was not entirely justified in finding that the liquor sold was, in the language of the ordinance, spirituous, vinous, malt or brewed, and that it was sold in quantities less than a quart.

The conviction will be affirmed.